IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MARTIN SILVERSTEIN,
    Plaintiff,

v.                                                                      Civil No. 3:23cv684 (DJN)

GENWORTH LIFE INSURANCE COMPANY,
    Defendant.

## ORDER
### (Approving Class Action Settlement)

This matter comes before the Court on Lead Plaintiff Martin Silverstein's ("Plaintiff") Motion for Final Approval of Class Action Settlement. (ECF No. 69.) For the reasons stated herein, the Court hereby GRANTS Plaintiff's Motion.

WHEREAS, the Parties in the above-captioned class action (the "Action") entered into a Settlement Agreement and Release;

WHEREAS, Plaintiff moved for an order granting final approval to the Settlement;

WHEREAS, on October 11, 2024, the Court entered an Order that: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Plaintiff Martin Silverstein as Class Representative; (iv) appointed Class Counsel; (v) approved the form and manner of Settlement Class Notice Plan; and (vi) set a hearing date to consider final approval of the Settlement;

WHEREAS, notice was provided to all persons identified in the Settlement Class member list in accordance with the Court's Preliminary Approval Order by mailings to all potential persons in the Settlement Class who could be reasonably identified;

WHEREAS, on January 3, 2025, at 2:00 p.m., at the United States District Court for the Eastern District of Virginia, Richmond Division, the Court held a final approval hearing to determine whether the Settlement was fair, reasonable, and adequate; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised, it is hereby ORDERED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

4. The Court finds that Genworth Life Insurance Company ("Genworth") has complied with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Settlement Administrator properly and timely notified the appropriate government officials of the Settlement, pursuant to CAFA. The Court has reviewed the substance of the notice and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since the CAFA notice was provided.

5. The Settlement includes, as set forth in greater detail in the Settlement

Agreement, a $5,100,000 common fund to cover Settlement Class Member Payments, attorneys' fees and costs, and a service award for the named Plaintiff; the costs of notice and administration to be paid separately by Genworth.

6. The Settlement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representative and Genworth to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the overwhelming positive reaction from the Settlement Class as it relates to opt outs and objections, and the opinion of competent counsel concerning such matters.

7. The distribution plan proposed by the Parties is fair, reasonable, and adequate.

8. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9. Because the Court approves the Settlement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

10. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

11. The appointment of Martin Silverstein as Class Representative is confirmed.

12. The appointment of Susman Godfrey, LLP as Class Counsel is affirmed.

13. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement

in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class members; (4) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent her and the Settlement Class; (5) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Agreement. Genworth is ordered to pay the Settlement Fund and Settlement Administration Costs consistent with the terms of the Agreement. If any funds remain within one year plus 30 days after the date the Settlement Administrator mails the proceeds, the Settlement Fund shall be re-distributed on a pro rata basis to Class Members who previously cashed their checks, unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

15. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

16. Upon the Effective Date, each member of the Settlement Class who has not validly excluded himself or herself, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting or purporting to act on their behalf, acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and

discharged all the Released Parties of and from all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever arising before the Effective Date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which he or she ever had or now has, arising out of, or regarding the Retry Fees at issue in the Litigation.

17. The Court hereby decrees that neither the Settlement, nor this Order, nor the fact of the Settlement, is an admission or concession by Genworth or any Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Genworth or any Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

18. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended there to; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

19. In the event that the Effective Date of the Agreement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order shall be vacated. In such event, all orders entered, and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Agreement.

20. The Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

21. Upon the entry of this Order, the Class Representative and all Settlement Class Members shall be enjoined and barred from asserting any claims against Genworth and any Released Parties arising out of, or relating to, or in connection with the Released Claims.

There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The case is now CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: January 3, 2025